UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KIMBERLY S. RORICK, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SERVICE EXPERTS HEATING )<br>& AIR CONDITIONING LLC, )<br>d/b/a KNOCHELMANN PLUMBING, )<br>HEATING & AIR CONDITIONING )<br>d/b/a KNOCKELMANN SERVICE )<br>EXPERTS, )<br>)<br>SERVICE EXPERTS, LLC, )<br>)<br>LENNOX INDUSTRIES, INC., and )<br>)<br>FREIJE TREATMENT SYSTEMS, )<br>INC., )<br>    Defendants. )  | Action No. 5:17-cv-132-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Service Experts Heating & Air Conditioning LLC (SEHAC), Service Experts, LLC (SE), Lennox Industries, Inc.'s various motions to dismiss Plaintiff's Complaint. Defendant Frieje Treatment Systems ("Frieje") has not been served with process. The motions are fully briefed and ready to be ruled upon. For the reasons stated herein, the motions will be granted in part and denied in part.

**I) Facts**

This case arises from the installation of a water filtration system at the home of Plaintiff, which she alleges resulted in

1

personal injury, property damage, damage to real property, emotion/mental injury, and monetary losses.

The following facts are set forth in Plaintiff's Complaint and assumed to be true for the purposes of these motions only:

Plaintiff alleges, "upon information and belief," that Lennox is "the parent corporation for Defendant Service Experts Heating and Air Conditioning ("SEHAC")," and "was transacting business in the Commonwealth of Kentucky through SEHAC." On December 7, 2011, SEHAC made a service call to Plaintiff's home to repair an Aqua-Pure backwash filter system, but informed Plaintiff that SEHAC would not be able to repair the unit because it did not service Aqua-Pure equipment. On December 12, 2011, SEHAC returned to Plaintiff's home and sold Plaintiff two new water system units. The first was a TS+ 2000 Easy Water Toxin Shield Backwash Water Filter manufactured by Defendant Freije for the entire home, and the second was a Revita water system for the kitchen. SEHAC installed the whole house Easy Water Toxin Shield System and Revita water system the same day and Plaintiff paid Defendant SEHAC in full for both systems on the same day.

On December 19, 2011, Plaintiff informed SEHAC of problems with both new water systems. On December 20, 2011, an employee and/or agent of SEHAC came to Plaintiff's home to inspect the systems, repair the water systems, and take a water sample to assure Plaintiff that the water was safe to drink and use. The

employee and/or agent of SEHAC then announced that the water filtration system was working perfectly, and advised Plaintiff that they were taking a water sample for testing. On December 30, 2011, another employee and/or agent of Defendant SEHAC made a second service call to Plaintiff's home and advised Plaintiff, "Your water tested fine," and then, and on other occasions, assured Plaintiff that the water was safe for consumption.

Eventually, Plaintiff asked for the Easy Water Toxin Shield system to be removed and asked that the original system be re-installed. SEHAC informed Plaintiff that it would submit claims for the systems, but never returned to service its system, remove its system, or return or re-install Plaintiff's original system despite repeated assurances that they would return the Aqua-Pure filter system or compensate Plaintiff for the loss. On January 24, 2013, SEHAC denied any knowledge of the claim for taking and failing to return the Aqua-Pure filter system prior to January 23, 2013. (¶ 27). Plaintiff's original filter system has not been returned and Plaintiff has not received monetary compensation for it.

On March 22, 2013, Plaintiff (and her spouse, who was also acting has her attorney) filed suit in for breach of contract, breach of warranty, fraud, damages, defamation, unjust enrichment, and malice, oppression, or fraud in a Kentucky state court. Defendants removed the case to the United States District Court,

3

Eastern District of Kentucky, at Covington. [*Rorick v. Service Experts Heating and Air Conditioning, et al.*, Case No. 2:13-cv-00081-WOB-CJS)] (referred to herein as the "prior Rorick action"). Plaintiff voluntarily dismissed her case on May 21, 2013. She refiled her case in this court on March 21, 2017, with many of the same claims as in the prior Rorick action, as well as new claims for personal injury and injury to property and conversion.[1]

**II) Legal Standard**

In ruling on Defendants' Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati*, 521 F2d 555, 559 (6th Cir. 2008). The Court is not bound to accept as true "recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] Plaintiff's spouse filed a lawsuit with substantially similar claims on the same day Plaintiff filed this action. That case is styled *Peter Newberry v. Service Experts Heating and Air Conditioning, et al.*, Case No. 5:17-cv-13-JMH.

4

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**III) Analysis**

    **a. Lennox and SE**

Plaintiff argues Defendants Lennox and SE should be held liable for the actions of their "agent" SEHAC "pursuant to the doctrines of agency, respondeat superior and/or estoppel." [Complaint, ¶¶ 8-9]. This is the only allegation Plaintiff makes regarding any agency relationship between Lennox, SE and SEHAC. Although the Court must accept all well-pled factual allegations, the existence of an agency relationship is a legal determination that is not entitled to the same presumption. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). "When attempting to plead liability through agency, a claimant must plead facts that would support a finding that the alleged agents had actual or apparent authority to act on behalf of another." *Pixler v. Huff*, 2012 WL 3109492, at *9 (W.D.Ky. July 31, 2012)(internal quotation marks and citation omitted). Plaintiff asserts nothing more than a parent-subsidiary relationship between these defendants. This is insufficient to justify the finding of an agency relationship.

*See Moore v. Lowe's Companies, Inc.*, 2013 WL 1907488 at n. 4 (W.D.Ky. May 7, 2013). Because the Court has no basis to find SE or Lennox vicariously liable for the actions of SEHAC, the claims against these defendants as agents will be dismissed.

### b. First Cause of Action[2]

The first cause of action does not relate to or make allegations against Lennox, SEHAC, or SE; therefore the Court will not address it herein. Plaintiff alleges only that Frieje manufactured the water system at issue. To the extent the first cause of action is brought against Lennox, SEHAC, or SE, this claim will be dismissed.

### c. Second through Fourth Causes of Action

Plaintiff's tort claims (causes of action 2 through 4) are time-barred. In these causes of action, Plaintiff alleges "serious harm to the property, health and well-being of consumers, including Plaintiff." [Complaint, ¶¶ 56, 59, 62-64] Under Kentucky law, an action for personal injury must commence within one year of its accrual, KRS 413.140(1)(a), actions for injury to personal property must be commenced within two years of accrual, KRS 413.125, and actions for trespass against real property must be

---

[2] The parties use several terms to describe the counts against Defendants. The Court will use the term "Causes of Action" herein to mirror the verbiage in the Complaint.

6

commenced within five years of accrual, KRS 413.120(4). The discovery rule provides that a cause of action does not accrue until a plaintiff discovers or, in the exercise of ordinary diligence, should have discovered that he has been injured and that the injury may have been caused by defendant's conduct. *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010). The statute of limitations begins to run on the date the injury is inflicted "even where the injury is slight initially and its full extent is not known until years later." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 322 (6th Cir. 2010).

"Generally, at the motion to dismiss stage, a federal court may consider only the plaintiff's complaint." *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 466 (6th Cir. 2014). However, "if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgment." *Id*. Thus, the Court may consider the prior Rorick action referenced in Plaintiff's complaint at ¶ 30-33 and in the public record at *Rorick v. Service Experts Heating & Air Conditioning, LLC*, 2:13-cv-81-WOB.

On October 9, 2013, in a hearing before Judge William O. Bertelsman, Plaintiff's spouse, acting as her attorney, represented that the plaintiff had suffered personal injuries as a result of water filtration system:

> THE COURT: Are you suing for more than the 75?
>
> MR. NEWBERRY: For more than the 75?
>
> THE COURT: More than the $75,000 in damages.
>
> MR. NEWBERRY: Yes, Your Honor. There are physical injuries also. Again, we don't know what was deposited into the drinking water --
>
> THE COURT: Personal injuries to the people?
>
> MR. NEWBERRY: Yes, Your Honor.
>
> . . .
>
> MR. NEWBERRY: There are four dogs that drink water from the house watering system. They've all developed tumors since this. One cat has died. And the plaintiff has been diagnosed with blood clots. We have video of material and then brown material from these tanks going into our water system.

[DE 12, Ex. 8; also found at *Rorick v. Service Experts Heating & Air Conditioning, LLC*, 2:13-cv-81-WOB, DE 17]. Based on this transcript, it is clear that Plaintiff and her husband, acting as her attorney, knew about the alleged personal injury to Plaintiff on October 9, 2013, more than one year prior to the filing of this lawsuit on March 16, 2017. Plaintiff was also aware of the damage to her personal property—her cats and dogs—on October 9, 2013, based on these statements.

8

Plaintiff now makes claims in this case which are inconsistent with those her attorney made on the record before Judge Bertlesman. In her response to the motion to dismiss, Plaintiff inexplicably claims "[t]here was no reason to suspect a connection between these injuries and any of the defendants until a household water sample was submitted for testing in February 2016 and revealed contamination of the water in March 2016." [DE 15 at 6]. However, Plaintiff's prior complaint, filed on Mach 22, 2013, alleges:

> 34. As a result of Defendant SEHAC's fraudulent misrepresentations, Plaintiff now has defective water systems which have caused multiple problems in Plaintiff's home including, but not limited to, contamination of water, contamination of plumbing system of home, leakage, loss of water pressure, clogged drains, colored water, and ***adverse health problems.***
>
> 35. As a result of Defendant SEHAC's fraudulent misrepresentations, ***Plaintiff has suffered health problems*** after living in a home with dirty and questionable water declared safe by Defendant SEHAC.

[DE 12, Ex. 8; also found at *Rorick v. Service Experts Heating & Air Conditioning, LLC*, 2:13-cv-81-WOB, DE 1].

To the extent Plaintiff's second through fourth causes of action allege a claim for damage (trespass) to real property or a water source, the five-year statute of limitations set forth in KRS 413.120(4) applies. Plaintiff's complaint alleges she knew in December 2011 that the water filtration system leaked and caused

9

blackish brown water to flow through her home's water lines and clog up her drains.

Accordingly, the second, third, and fourth causes of action will be dismissed as untimely.

### d. Fifth, Seventh, and Twelfth Causes of Action

Plaintiff's fifth and twelfth causes of action allege fraudulent misrepresentations by "Defendants and their attorney." [Complaint, ¶¶ 66, 112-113]. Plaintiff admits that these two causes of action "rely on essentially the same set of facts," namely, that "that Defendant SEHAC either failed to conduct the water test(s) that they claim to have conducted, or that SEHAC misrepresented either the nature of the tests or the test results." [DE 16 at 12-13].

The seventh cause of action avers that Defendant SEHAC, through its officers, agents, and employees, made fraudulent representations to induce Plaintiff to purchase the whole house and kitchen water filtration systems, and continued to make fraudulent representations about their intent to service those systems and replace them with the prior Aqua-Pure system at Plaintiff's request. Plaintiff further alleges SEHAC fraudulently misrepresented the status of a claim to its insurer for the Aqua-Pure system SEHAC apparently disposed of.

Defendant SEHAC argues these claims are not pled with the particularity required by Fed. R. Civ. P. 9(b). Rule 9(b) requires

a plaintiff to "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). "Rule 9(b)'s particularity requirement does not, however, mute the general principles set out in Rule 8 calling for simple, concise, and direct allegations; rather, the two rules must be read in harmony." *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.*, 314 F.Supp.2d 763, 775 (N.D.Ohio 2004)(citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1988). "The pleading requirements of Rule 9(b) may be relaxed where information is only within the opposing party's knowledge." *Id.*

Plaintiff alleges fraudulent representations were made by employees of Defendant SEHAC and their attorney. Although Plaintiff did not state the specific names of these individuals, this information is within SEHAC's knowledge and sufficiently specific to allow SEHAC to identify these individuals. Plaintiff further alleges certain dates on which the claimed fraudulent statements were made [Complaint, ¶¶ 17, 19, 22, 23] and general time frames during which she claims other fraudulent misrepresentations were made [Complaint, ¶¶ 23, 26, 27, 86]. Plaintiff avers SEHAC and its attorney and agents/employees made these statements knowingly and with the intent that Plaintiff

11

should rely on them. These fraudulent statements, according to Plaintiff, resulted in physical, emotional, mental, and financial injury to her.

Accordingly the Court finds that Plaintiff has pled fraud in the fifth, seventh, and twelfth causes of action with sufficient particularity against SEHAC. The motion to dismiss will be denied as to these claims against SEHAC.

### e. Sixth Cause of Action

Plaintiff's sixth cause of action alleges breach of warranty. It is premised on an "agreement between the Plaintiff and Defendant SEHAC as well as KRS Sec. 355.2-315[.]" [Complaint, ¶ 75]. An action for breach of warranty, however, "must be commenced within four (4) years after the cause of action has accrued." KRS 355.2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and a "breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." KRS 355.2-725(2). The complaint alleges the delivery of the water filtration system occurred on December 12, 2011.

Plaintiff, in recognition of her statute of limitations problem, argues that the Court should toll the statute of

limitations based on the doctrine of equitable estoppel. Plaintiff claims that Defendant's statements during the pendency of the prior Rorick action as to the water's safety were material misrepresentations upon which she relied in deciding not to pursuant this matter. Plaintiff further claims it was Defendant's "stonewalling" in the prior Rorick action which caused the delay and not through any fault of her own. This is nonsense because Plaintiff brought a breach of warranty claim in the prior Rorick action within the statute of limitations. She could have pursued the claim in that lawsuit, but instead chose to dismiss her lawsuit in 2013 and not test her water until 2016. It is not the defendants who have caused delay in pursuing this claim. The Court will dismiss this cause of action because the statute of limitations has passed.

### f. Eighth and Ninth Causes of Action

Plaintiff's eighth cause of action alleges breach of contract against SEHAC and her ninth cause of action alleges unjust enrichment. To the extent these claims are alleged against SE or Lennox, they will be dismissed for failure to state a claim upon which relief can be granted as to those defendants because no allegations are made against them. Plaintiff's response to the motion to dismiss states there was an oral contract between herself and "Lennox/SEHAC," but this is not actually pled in the complaint.

13

Plaintiff does not allege the existence of a written contract between herself and any defendant, but she does allege an oral contract between herself and SEHAC.

In Kentucky, the statute of limitations for "an action upon a contract not in writing, express or implied" is five years. KRS 413.120(1). Plaintiff alleges the contract was entered into on December 12, 2011, and that the contract was to install the new system and, if Plaintiff was unsatisfied, repair or replace it with the prior system within one year upon Plaintiff's request. [DE 16 at 9 and Complaint, ¶ 22, 25-27]. Plaintiff argues the breach occurred on January 23, 2013. [Complaint, ¶ 27; DE 16 at 9]. However, January 23, 2013 is after the expiration of the claimed oral contract, and, therefore, an event on that date could not have constituted a breach of the contract. *See Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local Union 1199 v. Pepsi-Cola Gen. Bottlers, Inc.*, 958 F.2d 1331, 1334 (6th Cir. 1992) ("[A] dispute arises out of an expired agreement only where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement."). Thus, the breach had must have occurred no later

14

than December 12, 2012 (and no earlier than March 16, 2012 to be within the statute of limitations).

The prior Rorick action was filed on March 22, 2013. At that time, the latest date Plaintiff alleged SEHAC took action which could constitute breach of contract or unjust enrichment was January 6, 2012. Thus, as of March 22, 2013, Plaintiff admitted these causes of action had accrued by January 6, 2012. Plaintiff cannot now claim that events which occurred in late 2012 or early 2013 were the true dates on which the accrual occurred, when Plaintiff clearly believed Defendant to be in breach and unjustly enriched on January 6, 2012. [DE 12, Ex. 8; also found at *Rorick v. Service Experts Heating & Air Conditioning, LLC*, 2:13-cv-81-WOB, DE 1 at ¶13]. Subsequent actions by Defendants may be relevant to the issue of damages, but they do not extend the accrual date or craft a new one. Accordingly, the Court holds that the breach of contract and unjust enrichment claims accrued more than five years prior to the filing of this action, and the motion to dismiss will be granted as to these causes of action.

### g. Tenth Cause of Action

Plaintiff's tenth cause of action is a claim for conversion. Plaintiff alleges SEHAC removed the existing water purification system from their property and never returned it. Under KRS 413.125, "[a]n action for the taking, detaining or injuring of personal property, including an action for specific recovery shall

be commenced within two (2) years from the time the cause of action accrued." This two year statute of limitations applies to claims of conversion. *Madison Capital Co., LLC v. S & S Salvage, LLC*, 507 Fed. Appx. 528 (6th Cir. 2012)(holding that the statute of limitations in Kentucky for a conversion claim is two years from *the time the goods are wrongfully taken* and that the discovery rule does not apply to a conversion claim). Plaintiff argues in her response that her conversion cause of action accrued on January 24, 2013, more than two years prior to the filing of this action. [DE 15 at 8]. The Court would find an even earlier date pursuant to the teachings in *Madison Capital*, but that is not necessary because by Plaintiff's own admission the statute of limitations has expired on this claim.

### h. Eleventh Cause of Action

Plaintiff's eleventh cause of action is one for "malice, oppression, and/or fraud." This is not a cause of action under Kentucky law. KRS 411.184 sets forth the legal standard for a plaintiff to recover punitive damages, requiring Plaintiff to prove defendant "acted toward the plaintiff with oppression, fraud or malice." KRS 411.184(2). To the extent this is a claim for punitive damages, "these claims are not . . . separate cause[s] of action, but . . . remed[ies] potentially available for another cause of action." *Lopreato v. Select Special Hosp. Northern Ky.*, 640 Fed. Appx. 438, 444-45 (6th Cir. 2016)(internal quotation marks

and citations omitted)(alternation in original).  Accordingly, this cause of action will be dismissed.

**IV) Conclusion**

For the reasons stated herein, **IT IS ORDERED** that:

(1) Service Experts, LLC's the Motion to Dismiss [DE 14] is **GRANTED;**

(2) Lennox Industries, Inc.'s Motion to Dismiss [DE 12] is **GRANTED;**,

(3) Service Experts Heating & Air Conditioning LLC's Motion to Dismiss [DE 13] is **GRANTED IN PART** as to Causes of Action 1, 2, 3, 4, 6, 8, 9, 10, and 11 and **DENIED IN PART** as to Causes of Action 5, 7, and 12.

This the 30th day of March, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge