UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KIMBERLY S. RORICK,  )<br>     Plaintiff,  )<br>  )<br>v.  )<br>  )  Action No. 5:17-cv-132-JMH<br>SERVICE EXPERTS HEATING  )<br>& AIR CONDITIONING LLC,  )  **MEMORANDUM OPINION AND ORDER**<br>d/b/a KNOCHELMANN PLUMBING,  )<br>HEATING & AIR CONDITIONING  )<br>d/b/a KNOCKELMANN SERVICE  )<br>EXPERTS,  )<br>  )<br>SERVICE EXPERTS, LLC,  )<br>  )<br>LENNOX INDUSTRIES, INC., and  )<br>  )<br>FREIJE TREATMENT SYSTEMS,  )<br>INC.,  )<br>     Defendants.  )  | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Plaintiff's Motion to Transfer [DE 34]. For the reasons stated herein, essentially the same reasons stated in the Court's Order dated August 28, 2018, [DE 30] in the companion case to this one, *Newberry v. Service Experts Heating & Air Conditioning, LLC*, 5:17-cv-131-JMH, Plaintiff's motion will be denied.

Plaintiff argues for the first time in the instant motion that transfer is appropriate and that all previous orders in this case are null and void because this Court somehow lacks subject matter and personal jurisdiction over this matter in light of the voluntary dismissal of a prior case, *Rorick v. Service Experts*

1

*Heating & Air Conditioning, LLC*, 2:13-cv-81-WOB-CJS. That dismissal order stated that "subsequent law suits must be re-filed in the United States District Court for the Eastern District of Kentucky, Covington Division." [DE 13 in the instant matter, Ex. 7]. The dismissal order also stated that the parties agreed "not to contest jurisdiction or venue in this Court." Plaintiff also argues that 28 U.S.C. § 1404(a) obligates the undersigned to transfer this matter to the Covington. Plaintiff's arguments are unavailing.

Section 1404(a) provides that a district court "may" transfer a civil action "to any other district or division in which it might have been brought or to any district or division to which all parties have consented" when it is "for the convenience of the parties and witnesses" and "in the interest of justice." Section 1404(a) does not speak to jurisdiction in this matter, and, in any event, the language is permissive and not mandatory.

Furthermore, the assignment of the present matter to a particular jury division within the Eastern District of Kentucky does not implicate jurisdictional issues. While the Eastern District of Kentucky is a creation of statute, 28 U.S.C. § 97(a), jury divisions and assignment of actions to jury divisions in the Eastern District of Kentucky are governed by local rules adopted by the judges of the district. *See* LR 3.1 and 3.2. The "Joint Local Rules for the United States District Courts for the Eastern

and Western Districts of Kentucky provide standardized procedures for the convenience of the bench and bar" and must be "construed to be consistent with the Federal Rules of Civil Procedure and to secure the just, efficient and economical determination of civil actions." LR 1.1.

The Complaint in this matter states that Plaintiff resides at 1217 Criswell, Berry, Kentucky 41003, which is also the place where the events giving rise to this case occurred. [DE 1, Comp. ¶ 6]. Berry, Kentucky, is in Harrison County, Kentucky, which is part of the Lexington Division of the Eastern District of Kentucky. LR 3.1(a)(2)(B). Accordingly, this case was properly assigned by the Clerk at the time of filing to the Central Division at Lexington by operation of the relevant Local Rule. *See* LR 3.1(a)(2)(B) and 3.2(a)(2)(A); *see also* Complaint [DE 1]; *cf. United States v. Lewis*, 504 F.2d 92, 97 (6th Cir. 1974) (holding that Fed. R. Crim. P. 18 was not violated when transferring criminal case from one place within district to another where assignment of cases is within the exclusive domain of local district judges).

While jury division assignments may be changed by rule or by Court order, LR 3.1(c), the Court sees no reason to reassign this matter to another division. To request such relief is a patently transparent effort at judge shopping in its rankest form on the part of Plaintiff. Plaintiff may wish to replace the devil she did not know until this Court's rulings (the undersigned) with the

3

devil that she does know (Judge Bertlesman) or, for that matter, any devil she has not yet met (Judge Bunning or any other judge of this district), but that would do nothing to secure the "just, efficient and economical determination of civil actions" as required by Joint Local Rule 1.1.  Further, the Court rejects Plaintiff's argument that this Court lacks jurisdiction or that its prior orders are somehow invalid because the parties agreed that this matter should proceed in the Covington Division at some point in the past.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Transfer [DE 34] is **DENIED.  IT IS FURTHER ORDERED** that Plaintiff shall **SHOW CAUSE** within **ten (10) days** of entry of this order why her Complaint against Defendant Freije Treatment Systems, Inc., should not be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 4(m) .

This the 19th day of September, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4