UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| PETER CANAVAN NEWBERRY and KIMBERLY S. RORICK, <br><br> Plaintiffs, <br><br> v. <br><br> SERVICE EXPERTS HEATING & AIR CONDITIONING LLC, <br><br> Defendant. | Civil No. <br> 5:17-131-JMH & <br> 5:17-132-JMH <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendant's Motion for Summary Judgment. For the reasons stated below, the Court ORDERS that the Motion (DE 40) is GRANTED and that the Complaints in the above-action cases are DISMISSED.

**I.**

The Court and the parties are well familiar with the facts of this case, so a summary will suffice. Peter Canavan Newberry and Kimberly S. Rorick (collectively "Plaintiffs"), a married couple, contacted Defendant Service Experts Heating & Air Conditioning, LLC ("SEHAC"), on December 7, 2011, to repair their Aqua-Pure backwash water filter system. SEHAC responded that they did not service Aqua-Pure products, and instead, offered to sell two other water filtration units: (1) a TS+ 2000 Easy Water Toxin Shield backwash water filter for the entire home; and (2) a Revita water

filtration system for the kitchen. SEHAC returned on December 12, 2011 to install the two systems. Orally, SEHAC promised that it would remove the two systems and reinstall the old Aqua-Pure system for no charge, at any time and for whatever reason, during the first year of service if Plaintiffs were not satisfied.

On December 19, 2011, Plaintiffs first contacted SEHAC to relay a series of issues with their newly-installed water filtration systems; such issues consisted of water leakage, poor water pressure, and foggy, dark-colored water, to name a few. From then on, the problems persisted — even worsening. Plaintiffs urged SEHAC to repair the water filtration systems and to replace the Easy Water system with the original Aqua-Pure system. In response, SEHAC told Plaintiffs that it would submit insurance claims for the defective whole-house system. In the end, however, SEHAC never returned the Aqua-Pure system, never repaired and/or removed the faulty systems, and failed to provide monetary compensation.

Growing tired of the futile back-and-forth communications between them and SEHAC, and SEHAC's perceived inaction regarding the submission of insurance claims, Plaintiffs each filed separate civil actions in state court against SEHAC and its parent companies, on March 22, 2013. The cases were later removed to the United States District Court for the Eastern District of Kentucky. *See Newberry v. Serv. Experts Heating and Air Conditioning*, et al., No. 2:13-cv-80-DLB-CJS (E.D. Ky. filed May 7, 2013); *Rorick*

*v. Serv. Experts Heating and Air Conditioning, et al.*, No. 2:13-cv-81-WOB-CJS (E.D. Ky. filed May 7, 2013). Shortly after removal, on May 22, 2013, Plaintiff Newberry voluntarily dismissed his case. On November 13, 2013, the parties in the *Rorick* case indicated that they had reached a settlement and filed an agreed order[1] of dismissal.

On March 16, 2017, Plaintiffs Newberry and Rorick, again, filed two separate actions in this District; however, this time the cases were filed in the Central Division at Lexington. Plaintiffs brought twelve causes of action, consisting of many of the same claims as brought in the prior actions, as well as new claims for personal injury, injury to real and personal property, and products liability. Defendants all filed motions to dismiss, which the Court granted, dismissing all claims against them.

In the case against SEHAC, the Court largely found that dismissal was appropriate because most of the claims were time-barred. On appeal, however, the Sixth Circuit reversed the Court's judgment dismissing Plaintiffs' claims for fraud (count seven),

---

[1] The agreed order stated that Plaintiff Rorick would dismiss her case without prejudice subject to the condition that any subsequent lawsuit stemming from the parties' dispute would have to be filed in the Covington Division of the Eastern District of Kentucky. In their new Complaints, Plaintiffs explain that Rorick voluntarily dismissed the initial lawsuit based on representations made by the defendants' attorney that no evidence of physical injury to Plaintiffs existed, and that SEHAC had tested the water from their home and found it to be safe.

breach of contract (count eight), and unjust enrichment (count nine), and remanded for further consideration. All other aspects of the Court's judgment was affirmed. *Newberry v. Serv. Experts Heating & Air Conditioning, LLC*, 806 F. App'x 348, 362 (6th Cir. 2020). Relevant to the current issues before the Court, the Sixth Circuit stated as follows:

> [P]laintiffs' claims for breach of oral contract (and related claims of unjust enrichment and contract fraud) have not been shown to be time-barred under the applicable five-year statutes of limitation. **Plaintiffs allege that they entered into an oral contract with SEHAC** to "properly install, service, and/or repair the whole house toxin shield water filtration system." They further allege that this contract was entered into on December 12, 2011 and included a one-year obligation to service the filtration system.
> …
> **Both parties assume the existence of an oral contract and agree that each of these three claims is governed by a five-year statute of limitations.** *See Ky. Rev. Stat.* §§ 413.120(1), 413.120(11); *EQT Prod. Co. v. Big Sandy Co., LP*, 590 S.W.3d 275, 287 (Ky. Ct. App. 2019) (applying five-year statute-of-limitations period in Ky. Rev. Stat. § 413.120(11) to unjust enrichment claims). The parties also appear to agree that the claims accrued either when defendants allegedly breached the obligation or when the obligation was repudiated. This appears to be the law at least with respect to suits for breach of contract. *EQT Prod. Co.*, 590 S.W.3d at 292 (citing *Hoskins Adm'r v. Kentucky Ridge Coal Co.*, 305 S.W.2d 308, 311 (Ky. 1957)); *Berger v. Savient Pharms., Inc.*, No. 2009-CA-1858-MR, 2011 WL 4861427, at *4 (Ky. Ct. App. Oct. 14,2011) (citing *Upton v. Ginn*, 231 S.W.3d 788, 791 (Ky. Ct. App. 2007)). **The parties make identical statute-of-limitations arguments with respect to the three claims.**
> …
> According to both the earlier and later complaints, that date is when SEHAC allegedly reiterated its

> promise contained in the December 12, 2011 oral contract. Neither complaint states that a request to replace the filtration system was made on that date, much less that SEHAC breached or repudiated on that date. The allegation in both complaints that plaintiff asked for removal of the new system and reinstallation of the old system is simply undated. Similarly undated is the subsequent paragraph stating that SEHAC never returned to remove the new system or reinstate the older one.
>
> **It is thus unclear whether the alleged oral agreement to remove and replace was breached before or after March 16, 2012,** and thus whether the contract, contract fraud, and unjust enrichment claims (counts seven through nine) were time-barred. … **Without more, on the current record, it was premature to dismiss on limitations grounds the three claims based on the alleged contractual obligation to remove and replace upon request.**

*Newberry*, 806 F. App'x at 360-62 (emphasis added).

On remand, after the Sixth Circuit's mandate had issued and the Court granted SEHAC's request to consolidate the Plaintiffs' actions (DE 39), SEHAC filed the instant Motion for Summary Judgment. (DE 40) As grounds, SEHAC has attached additional evidence (*i.e.*, email correspondence between the parties), which it argues conclusively proves that the remaining claims accrued prior to March 16, 2012. Plaintiffs oppose the motion. This matter is fully ripe for review (*see* DE 41, 43).

## II.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." FED. R. CIV. P. 56. The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the nonmoving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine dispute for trial. FED. R. CIV. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). This is so because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24.

"A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the nonmoving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson*, 477 U.S. at 255). The nonmovant "must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted). However, the Court is under "no … duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id.*

### III.
#### A.

As an initial matter, the Court briefly addresses Plaintiffs' arguments in opposition. Plaintiffs first argue that the arguments that SEHAC brings forth are not timely made, and that SEHAC seeks to "circumvent" the discovery process by filing the instant motion (DE 41 at 1, 3). These arguments are unavailing, mere conjecture, and are not supported by the record. Plaintiffs also argue that the emails attached to SEHAC's motion are inadmissible as hearsay and would not be admissible if offered at trial. (*Id.* at 5-6).

However, the Court does not question that the emails are properly authenticated, as Newberry is either the recipient or sender of each of the emails and there is no challenge to their authenticity. Nor does Newberry assert that the emails were falsified or altered in any way. And further, SEHAC has clarified that it is not offering the emails for the truth of the matter asserted, but "simply to demonstrate that SEHAC repeatedly informed plaintiffs before March 16, 2012 that the [original] AquaPure system had been destroyed and would not be replaced[.]" (DE 43 at 8). Accordingly, this argument, too, is rejected.

Additionally, the Court rejects Plaintiffs' attempt to raise novel arguments regarding the existence of a written contract, and that a fifteen-year statute of limitations is applicable. (DE 41 at 7). This argument runs counter to the evidence presented and what the Sixth Circuit concluded on appeal. Finally, to the extent Plaintiffs seek sanctions and attorney fees against SEHAC based on its alleged "material representations" and "lack of candor to the Court" (*id.*, at 10), the Court cannot do so because the request has not been presented in the form of a motion and not in a response. *See* FED. R. CIV. P. 7(b)(1) "( A request for a court order must be made by motion."); *see also* LR 7.1(a) (A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."). Moreover, in any case, the Court finds that any motion for sanctions or motion

for attorney fees would lack merit because there is no such support in the record.

**B.**

On appeal, the Sixth Circuit concluded that the Court had prematurely dismissed the claims against SEHAC because it was not clear from the record when, exactly, the claims accrued because the Complaints were void of specific dates regarding the breach or repudiation. The oral contract at issue, required Defendants

> "to remove either or both of [the] water filtration systems and to reinstall Plaintiff's Aqua-Pure system for no additional charge in the event that Plaintiff was dissatisfied with the systems that were purchased from [defendants] 'at any time during the first year of service upon request by Plaintiff.' "

*Newberry*, 806 F. App'x at 360-61. The claims accrued either when defendants allegedly breached the obligation or when the obligation was repudiated. *Id*.

The correspondence between the parties show that, as early as December 30, 2011, and no later than January 3, 2012, SEHAC made Plaintiffs aware that it would not reinstall the Aqua-Pure system because that system had already been disposed of and was no longer in its possession. *See* DE 40-5, DE 40-10. In fact, the emails consistently demonstrate that, despite numerous communications — all prior to March 16, 2012 — SEHAC never removed the whole-house system. Nor did it replace it with the old Aqua Pure system, as it was no longer in existence. These facts are undisputed.

From this, it is clear that SEHAC indisputably either breached or repudiated its obligations under the oral contract to remove the whole-house system and replace the Aqua-Pure System before March 16, 2012. Plaintiffs filed suit in this Court on March 16, 2017. Thus, unfortunately, these claims are time-barred and SEHAC must be entitled to judgment as a matter of law. Ky. Rev. Stat. §§ 413.120(1), 413.120(11).

**IV.**

For the reasons herein stated, the Court ORDERS AS FOLLOWS:

(1) Defendant SEHAC's Motion for Summary Judgment on the three remaining claims of fraud, breach of contract, and unjust enrichment in this case and in the related case (5:17-cv-00132) is GRANTED;

(2) A Judgment SHALL be forthcoming.

IT IS SO ORDERED.

This the 12th day of October, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge